UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:12-CR-140 |
| | ) | (VARLAN/SHIRLEY) |
| CHARLES WESLEY BUSH, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This criminal action is before the Court on the government's Emergency Motion Under 18 U.S.C. § 3145(a) for Revocation of Magistrate Judge's Release Order [Doc. 25]. For the reasons explained, the Court is denying the motion.

Charles Wesley Bush, the defendant, pleaded guilty to three counts of knowingly distributing child pornography and one count of knowingly possessing child pornography [Doc. 17]. Although the defendant was released on conditions pending trial [Doc. 11], the defendant was remanded into the custody of the United States Marshals Service at the conclusion of his change of plea hearing pursuant to 18 U.S.C. § 3413 [Doc. 17]. A sentencing hearing is set for August 20, 2013.

The defendant filed a motion for temporary release from custody so that he can visit his ailing grandfather, who is not expected to live more than a couple of weeks [Doc. 19]. The government filed a response in opposition [Doc. 22]. The Court referred the matter to Magistrate Judge C. Clifford Shirley, Jr., who granted the motion [Doc. 24].

Judge Shirley determined that "the characteristics of this particular Defendant and the current circumstances make him eligible for a temporary release to visit his grandfather, who is expected to pass away soon" [*Id.*]. The magistrate judge noted that the illness of a family member is not alone an exceptional circumstance, but concluded that additional facts justified his release, including the following:

> (1) Following a detention hearing, the undersigned permitted the Defendant's release on pretrial conditions, finding that the Defendant was not a flight risk or a danger to others.
>
> (2) While on pretrial release from October to March, the Defendant complied with all conditions of his release. The probation officer has advised the Court that the Defendant was very cooperative during his release and that he complied with all the conditions and had no violations.
>
> (3) Even before the detention hearing, the pretrial services report indicated that the Defendant was very close with his grandfather and that he provided care to his grandfather two to three times a week.
>
> (4) In the original release order, the Defendant's mother, Pamela Bush, agreed to act as a third-party custodian. She has again agreed to act as a third-party custodian during the tenure of the Defendant's furlough. According to the Defendant's probation officer, she did a good job as third-party custodian while the Defendant was out on pretrial release for almost five months. There is no reason to believe she would not do the same for a couple of hours.
>
> (5) The Defendant will travel with and be in the company of his mother continuously and at all times. The Defendant and his mother will travel directly from Blount County Jail to the grandfather's residence and return without making any stops.

[*Id.*]. Magistrate Judge Shirley further determined that the defendant is not a danger to the community and is not likely to flee [*Id.*].

In granting the defendant's motion, Judge Shirley placed specific parameters on the defendant's release. First, he ordered that the defendant be released for a period of only three-and-a-half hours, from 2:00 p.m. to 5:30 p.m. During this time, the defendant is to be released to his mother, Pamela Bush, who shall be responsible for the defendant's transportation during release. Once released, the defendant and his mother are to proceed directly to his grandfather's house. Upon arrival, the defendant's mother is to contact the defendant's probation officer, Kathryn Callaway, who will make a home visit while the defendant visits his grandfather. The defendant's mother must contact the probation officer again at 4:30 p.m. and return the defendant to the Blount County Jail by 5:30 p.m. Second, the defendant is to remain on all the conditions of release to which he was previously subject during pretrial release. Third, the defendant is not to access any computers, smartphones, the internet, or electronic devices. Finally, no children are to be present during the defendant's visitation and the defendant is not to have any contact with children while released.

The government objects to Judge Shirley's order and moves the Court to revoke it under 18 U.S.C. § 3145(a) [Doc. 25]. The government argues that the defendant did not clearly show that there are exceptional reasons why his detention is not appropriate under 18 U.S.C. § 3145(c), and points to several cases where courts have determined that personal and familial hardship does not constitute exceptional reasons within the context of § 3145(c). The government also asserts that it has "serious concerns" about the defendant's risk of flight considering his Guidelines range is 151 to 188 months'

imprisonment.  For the same reason, the government is concerned the defendant could harm himself.  The government further argues that the psychosexual risk assessment dated May 30, 2013, demonstrates the defendant presents a risk of danger to the community.  Finally, the government notes the defendant has the opportunity to engage in meaningful conversation with his grandfather via telephone.

In response [Doc. 29], the defendant submits that exceptional reasons exist that warrant his temporary release, and he stresses the Court's discretion in determining whether release is appropriate.  In support of this argument, the defendant asserts he has no felony convictions, aside from the instant offenses, and successfully completed his pretrial release.  He further asserts that the case does not involve the use of force or firearms.  With respect to his grandfather, the defendant states his grandfather is terminally ill and bed-ridden at his home in Knoxville.  The defendant notes his "life-long bond" with his grandfather and the devastation to their relationship resulting from this case and his grandfather's illness.  According to the defendant, it is his grandfather's "last wish" that the defendant be permitted to see him one last time.  The defendant reasserts that his mother will be fully responsible for the defendant during his release and that she agrees that the defendant is not to have access to the internet, computers, or phones during his release.  She and other family members are aware of "the potential ramifications of violating the Court's order."  In addition, the defendant relates that he was advised of the potential penalties from the onset of these proceedings by the government and his counsel, yet he did not flee while on pretrial release.  He also submits

4

that his risk of danger relates to his use of the internet, and the magistrate judge's order addresses that concern.

Pursuant to 18 U.S.C. § 3145(a), a district judge may review a magistrate judge's release order on motion by the government. In relevant part, section 3145 provides:

> (a) Review of a release order. -- If a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court --
>
> (1) the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release . . . .
>
> The motion shall be determined promptly.

18 U.S.C. § 3145(a).

This Court's review is de novo. *See United States v. Montgomery*, No. 09-20101, 2010 WL 1052339, at *1 (E.D. Mich. Mar. 19, 2010) (citing case law indicating that, although the United States Court of Appeals for the Sixth Circuit has not squarely addressed the issue of the proper standard of review of a magistrate judge's detention order, the majority of the circuits that have considered the issue have ruled that a de novo review is appropriate). "[M]eaningful *de novo* review means that the district court should engage in the same analysis, with the same options, . . . as the magistrate judge." *United States v. Yamini*, 91 F. Supp. 2d 1125, 1129 (S.D. Ohio 2000).

The defendant was detained pursuant to 18 U.S.C. § 3143 because the crimes to which the defendant pleaded guilty are "crimes of violence" as that term is defined in 18

5

U.S.C. § 3156. *See* 18 U.S.C. § 3143(a)(2) (providing that a person found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of § 3142 and awaiting sentencing must be detained). An exception exists if "the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or . . . an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and . . . the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." *Id.* The parties do not dispute that this provision does not apply here.

Another exception exists under 18 U.S.C. § 3145. If the defendant clearly shows there are exceptional reasons why his detention is inappropriate, the Court may release him pending sentencing. *United States v. Christman*, 596 F.3d 870, 871 (6th Cir. 2010). The Sixth Circuit, however, has not definitively ruled on what constitutes the sort of "exceptional reasons" that would justify release pending sentencing, nor does the statute itself define the parameters of an "exceptional reason." Courts outside the Sixth Circuit appear to agree that circumstances must be "out of the ordinary," "uncommon," or "rare," and that the reasons should "set [the defendant] apart from any one else convicted of a similar crime or crimes." *United States v. Koon*, 6 F.3d 561, 563 (9th Cir. 1993) (internal quotation marks omitted). It has also been noted that exceptional reasons exist where there is "a unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991). In each

6

case, "the determination of whether 'exceptional reasons' have been clearly shown is quintessentially a fact-intensive inquiry requiring a case by case analysis," *Koon*, 6 F.3d at 564, and the judicial officer, therefore, has a broad discretion in the factors he might consider when determining whether exceptional reasons for release exist, *see United States v. Garcia*, 340 F.3d 1013, 1018 (9th Cir. 2003).

There are essentially two reasons Judge Shirley and the defendant set forth in support of the position that exceptional reasons exist here. The first is the defendant's relationship with his grandfather, whose death is imminent. The second is the defendant's behavior while on pretrial release and under the custody of his mother. While understanding the discretionary nature of the Court's review, *United States v. Lea*, 360 F.3d 401, 403 (2d Cir. 2004), the Court finds that these reasons, neither individually nor together, are "exceptional" as that term is used in § 3145(c) and construed by the existing case law.

After a review of the record in this case, there is no doubt that the defendant and his grandfather have a strong bond. The Court notes the defendant's previous care of his grandfather and the fact that the defendant's grandfather has requested, as his last wish, that the defendant be released for a visitation. Nevertheless, the Court declines to find that this relationship, when considered in connection with the grandfather's impending death, constitutes an exceptional reason for release. "Personal and familial hardship . . . are the natural, if unfortunate, consequences of finding oneself at the mercy of the criminal justice system. It is therefore no surprise that most courts have rejected these

7

hardships as providing an exceptional reason." *United States v. Christman*, 712 F. Supp. 2d 651, 656 (E.D. Ky. 2010) (citing cases). *See also United States v. Kenney*, No. CR-07-66-B-W, 2009 WL 5217031, at *2 (D. Me. Dec. 30, 2009) ("[T]he death of a family member, even a close family member, does not necessarily cross the threshold from common to exceptional. The death of close family members, though infrequent, is after all inevitable."). The Court recognizes the hardship imposed upon the defendant, but the defendant has not presented anything that separates his situation from that of any other defendant whose relative's death is near. At best, the defendant is distinguishable because of his previous care of his grandfather; but the Court is hesitant to find that such is an exceptional reason in light of the Sixth Circuit's statements about § 3145(c). In addition, the Court is cognizant that "recognizing personal . . . [or] familial . . . hardships as exceptional reasons would allow the exception of release to swallow the rule of mandatory detention." *Christman*, 712 F. Supp. 2d at 656.

As to the defendant's behavior while on pretrial release, while certainly commendable, the Court finds there is nothing exceptional about a defendant who, after realizing he is facing serious criminal charges, decides to remain on his best behavior. Indeed, the Court would hope that it would be exceptional to not remain on one's best behavior after being charged with a criminal offense and awaiting trial. *See, e.g.*, *United States v. Larue*, 478 F.3d 924, 925 (8th Cir. 2007) (concluding that a defendant's release pending sentencing was improper because "compliance with the terms of his pretrial release, his lack of a criminal record, his payment of child support, and his ongoing

8

employment . . . are not clearly out of the ordinary, uncommon, or rare" (citation and internal quotation marks omitted)).

Having found that exceptional reasons do not exist here, the Court need not address the defendant's risk of flight or danger to the community. *See* 18 U.S.C. § 3145(c) (requiring satisfaction of conditions in § 3143(a)(1) for release). Nevertheless, and for reasons explained later in this memorandum opinion and order, the Court has reviewed the record and determines by clear and convincing evidence that the defendant poses neither a risk of flight nor a danger to the community. The defendant complied with his conditions of pretrial release without exception during the five months between his initial appearance and guilty plea. Moreover, though the defendant faces a lengthy term of incarceration, the government and defense counsel informed the defendant of his potential penalties from the onset of these proceedings. The Court thus finds that the defendant is unlikely to flee even though he faces a lengthy term of imprisonment at his sentencing hearing next month.

Having determined that there are no exceptional reasons why the defendant should be released, the Court would normally grant the government's motion. The Court cannot do so in this case, however, because of the constraints imposed upon it by the timing of the government's appeal in relation to the schedule the magistrate judge set for defendant's release. Magistrate Judge Shirley granted the defendant's motion for temporary release following a hearing yesterday, July 25, 2013. According to the minutes, the hearing concluded at 3:15 p.m. [Doc. 27]. The government filed an appeal

of the magistrate judge's decision at 6:53 p.m. [Doc. 25]. The defendant filed a response at 11:24 a.m. today, July 26, 2013 [Doc. 29]. In light of the defendant's scheduled release at 2:00 p.m. today, the Court had limited time to review, consider, and issue an order on the government's motion. Thus, this conflux of factors, in conjunction with the Court's finding that the defendant poses neither a flight risk nor a danger to the community and the stringent parameters placed upon the defendant by the magistrate judge's order, renders it difficult and unnecessary to order the defendant to return to custody.

Accordingly, the Court hereby **DENIES** the government's Emergency Motion Under 18 U.S.C. § 3145(a) for Revocation of Magistrate Judge's Release Order [Doc. 25].

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE