IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,      )
                               )
              Plaintiff,       )
                               )      No. 3:12-CR-140
       v.                      )
                               )
CHARLES WESLEY BUSH,           )      (VARLAN / SHIRLEY)
                               )
              Defendant.       )
                               )

## REPORT AND RECOMMENDATION

This case is before the undersigned for a report and recommendation on the issue of restitution. See 28 U.S.C. § 636(b). On August 29, 2013, District Judge Thomas A. Varlan entered a Judgment [Doc. 47] of conviction in this case. The Judgment defers determination of restitution to be imposed for ninety days. By separate Order [Doc. 45], Judge Varlan determined that "J" is a victim in this case pursuant to 18 U.S.C. § 2259(c) and that the Defendant had images of J in his collection of child pornography. Judge Varlan ordered that the undersigned conduct an evidentiary hearing and issue a report and recommendation regarding (1) whether the Defendant's actions proximately caused injury to J and (2) if so, the amount of restitution, if any, that is appropriate in this case.

On October 4, 2013, the Court ordered [Doc. 48] the parties to file legal briefs addressing the two issues set out above. The Defendant filed his brief [Doc. 50] on October 21, 2013, opposing the assessment of restitution and arguing that he is not the proximate cause of victim J's injuries. On that day, the Government asked [Doc.49] for additional time to brief the issue. The Court granted [Doc. 51] this request. On November 11, 2013, the Government requested [Doc. 52] a

1

second extension of the deadline for briefing the issues, and the Court again granted [Doc. 53] additional time. On November 12, 2013, the Government filed a Notice of Withdrawal of Restitution Request [Doc. 54]. In this notice, the Government states that the amount of restitution to be awarded to victim J is the sole remaining issue in this case. The Government relates that it was informed by Attorney Joseph Klest, counsel for victim J, that victim J is no longer pursuing a restitution award from the Defendant, due to his inability to pay restitution. The Government further requests an order stating that the Defendant does not owe any restitution to victim J.

Based upon the Government's notice that victim J is no longer seeking restitution, the Court finds that an evidentiary hearing is no longer necessary. The Court **RECOMMENDS** that the District Judge enter an amended judgment stating that no restitution is due in this case.[1]

Respectfully submitted,

    s/ C. Clifford Shirley, Jr.   
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).